## Charles F. Bryant, Defendant in Error, v. Charlotte M. Ayers et al., Plaintiffs in Error.

### (Not to be reported in full.)

Error to the Circuit Court of DeWitt county; the Hon. WILLIAM G. COCHRAN, Judge, presiding. Heard in this court at the April term, 1914. Reversed with finding of fact. Opinion filed October 16, 1914. Rehearing denied December 2, 1914.

### Statement of the Case.

Action by Charles F. Bryant against Charlotte M. Ayers, Cora Fleming, Thomas J. Danison and Arthur

F. Miller to recover a commission alleged to have been earned in procuring a loan under a written contract. From a judgment in favor of plaintiff for $175, the defendants, except Arthur F. Miller, bring error.

The declaration consisted of a special count under the contract and a common count. The written contract declared upon is as follows:

"Witness this agreement entered into by and between Cora Fleming, Thomas J. Danison, Charlotte M. Ayers and Arthur F. Miller, parties of the first part, and C. F. Bryant, the party of the second party, that party of the second part agrees to furnish the sum of twelve thousand dollars on August 19th, 1911, as a loan upon what is known as the Danison farm located in Nixon Township in Dewitt County, Illinois, at the rate of 5½ per cent. interest for a period of ten years with prepayment privileges of any multiple of hundreds at the end of the second year and to pay the agent C. F. Bryant a commission of $240, or 2 per cent. commission.

"Said land to be sold at a Master in Chancery's sale and said first parties to buy said land at a price at as high as $210 per acre if necessary to purchase same. It is also agreed that in case the said parties of the first part fail to purchase said land that they are to pay all expenses of George J. Cable for appraising the land, also the expense of the examination of the abstract and also any necessary expenses incurred by the said C. F. Bryant. And if said loan is made all the said C. F. Bryant is to receive is the said $240.

"It is also agreed that the expenses and reasonable compensation shall be paid Ira L. McKinnie for being here on day of sale and closing deal."

Defendants desired a loan of $12,000 to protect their interest in land to be sold at a master in chancery's sale on August 19th following. The matter ran along until about the middle of August, when plaintiff notified Mr. Ayers, the husband of Charlotte M. Ayers, one of the defendants, that the company from which the loan was to be secured had turned down the application on the ground that the applicants did not have

title to the property. Plaintiff and Ayers then went to Springfield to the office of the Franklin Life Insurance Company, from which the loan was to be secured, and had a conversation with Mr. Scott, its president, and Mr. McKinnie, a clerk in the loan deparment. Plaintiff and McKinnie testified that the situation of the title was explained to Ayers to the effect that he could not get title to the loan if he purchased it short of twenty days after the sale and until the sale was approved by the court, and the Insurance Company would hold the money. Ayers denied this and testified that Mr. Scott, the president of the Insurance Company, said that they would not hold the money for them until that time. Afterwards an arrangement was made by which defendants borrowed $1,000 of the Dewitt County National Bank. Plaintiff in error claimed that he made the arrangement with the bank for the $1,000, and Ayers claimed that he did. An arrangement was then made with the master in chancery, by which he agreed to accept $1,000 as the amount of cash required to be paid on the day of the sale, instead of one-fourth of the purchase price, as provided by the decree, and on August 19th the land was bid in under the arrangements thus made.

HERRICK & HERRICK, for plaintiffs in error.

INGHAM & INGHAM and F. K. LEMON, for defendant in error.

MR. JUSTICE SCHOLFIELD delivered the opinion of the court.

### Abstract of the Decision.

1. BROKERS, § 70*—*effect of declaring on special contract.* Where a loan agent declares on a special written contract for commission alleged to have been earned in procuring a loan, he cannot recover on the *quantum meruit.*

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

2.. BROKERS, § 70*—*nature and form of action for compensation.* Where plaintiff by a written contract agreed to have money on hand for defendants to bid in their interest at a master's sale of certain real estate, and the money was not furnished on that day or any other day, and the contract was not in any way complied with, plaintiff is not in a position to recover compensation for a loan in a declaration upon a special contract.